**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* BRUTUS TRADING, LLC,<br><br>                         Plaintiff,<br><br>v.<br><br>STANDARD CHARTERED BANK, STANDARD CHARTERED PLC, and STANDARD CHARTERED TRADE SERVICES CORPORATION,<br><br>                         Defendants. | No. 18-cv-11117 (PAE) |

## DECLARATION OF PATRICK M. BRYAN

I, Patrick M. Bryan, declare as follows, pursuant to 28 U.S.C. § 1746:

      1.      I am the Assistant General Counsel for Enforcement at the Board of Governors of the Federal Reserve System (the "Board"). I have held this position since I joined the Board in 2015. As Assistant General Counsel, I have responsibility for, among other things, overseeing the Board's formal enforcement activities, including the action taken by the Board with respect to Standard Chartered Bank PLC and Standard Chartered Bank (collectively "Standard Chartered" or the "Bank") in April 2019. This declaration is based upon my personal knowledge, information provided to me by Federal Reserve staff, and my review of the Board's files with regard to the Bank. I submit this declaration in support of the Government's Motion to Dismiss the Relator's Second Amended Complaint in this case.

### The Board's Authority

      2.      The Federal Reserve System is the central bank of the United States. The Federal Reserve System is composed of the Board, twelve Federal Reserve Banks, and the Federal Open

"Federal Reserve") participated in the investigations of Standard Chartered described herein.

5. On December 10, 2012, the Board announced an enforcement action against Standard Chartered. The Board issued a consent cease-and-desist order and assessed a $100 million civil money penalty (together the "2012 Orders") against Standard Chartered for unsafe and unsound practices relating to the Bank's deletion of information from payment messages to avoid U.S. sanctions controls, deficiencies in the Bank's anti-money laundering controls under the Bank Secrecy Act, and the Bank's failure to provide complete and accurate information to Federal Reserve examiners. True and correct copies of the 2012 Orders are attached as Exhibit A and Exhibit B.

6. As described above, the Board's penalty was assessed for unsafe and unsound practices by Standard Chartered under the FDI Act. The Board's penalty was not based on sanctions violations or any independent determinations of whether the Bank had violated U.S. sanctions rules. The Board deferred to the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC") to determine whether certain transactions violated U.S. sanctions regimes.

7. The Board's 2012 Orders followed parallel investigations conducted by multiple agencies, including the U.S. Department of Justice and OFAC. Several of these other agencies entered into related agreements and settlements with Standard Chartered at or around the same time as the Board.

### The Federal Reserve's Investigation of the Relator's *Qui Tam* Allegations

8. In December 2012, the Federal Reserve was notified by the U.S. Attorney's Office for the Southern District of New York that Relator Brutus Trading, LLC ("Relator") had filed a sealed *qui tam* complaint alleging that, in connection with the negotiation and execution

of the 2012 settlements and agreements described above, Standard Chartered had failed to disclose to federal agencies certain information related to its sanctions violations.

9. The Federal Reserve participated in a multiagency investigation of the Relator's allegations, including interviews of the Relator's members and Standard Chartered employees, review of the materials provided by the Relator and Standard Chartered in connection with the investigation, and presentations by Standard Chartered.

10. Based on these interviews, materials, and presentations, the Board determined that the information provided by the Relator and obtained in connection with the investigation of its allegations did not warrant further administrative action by the Board and did not undermine or otherwise affect the basis for the Board's 2012 Orders.

### The Board's 2019 Enforcement Action Against Standard Chartered

11. In August 2013, the Federal Reserve received information from a separate, independent investigation that the Bank was facilitating transactions in violation of U.S. sanctions. This information led to a multi-agency investigation of Standard Chartered, in which the Federal Reserve participated, regarding the Bank's facilitation of transactions from sanctioned jurisdictions. This subsequent investigation was not prompted by, or based on, information provided by the Relator.

12. Based on the findings of that long-term investigation, on April 9, 2019, the Board announced a second enforcement action against Standard Chartered. The Board issued a consent cease-and-desist order and imposed a civil money penalty on Standard Chartered of $163,687,500 for the Bank's unsafe and unsound practices relating to inadequate internal sanctions controls and failure to disclose sanctions risks to the Federal Reserve. The Board also required the Bank to improve its U.S. law compliance program and strengthen management

oversight for sanctions compliance. A true and correct copy of the Board's 2019 order is attached as Exhibit C ("2019 Order").

13. In assessing the 2019 penalty, the Board found deficiencies in compliance procedures at certain of Standard Chartered's foreign offices relating to funds transfers initiated through faxed payment instructions and online banking channels.

14. Like the 2012 penalty, the Board's 2019 penalty was assessed for unsafe and unsound practices by Standard Chartered under the FDI Act, not violations of U.S. sanctions laws or regulations. Instead, the Board again deferred to OFAC to determine whether Standard Chartered had facilitated certain payments in violation of U.S. sanctions rules.

15. The Board further found that Standard Chartered, while subject to the 2012 Orders, failed to disclose to the Board the possibility of further sanctions violations arising from its online banking channels from December 2012 (when the 2012 Orders were entered) to December 2014 (when Standard Chartered disclosed to the Board certain new information regarding its online banking channels) which constituted a further unsafe and unsound practice under the FDI Act, and therefore an additional basis for the 2019 Order.

16. None of the Board's findings underlying the 2019 Order were based on the Relator's allegations or any information provided by the Relator. Instead, they were based on information obtained in connection with the separate, independent investigation described above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: November 21, 2019, Washington, D.C.

_____
Patrick M. Bryan
Assistant General Counsel for Enforcement
Board of Governors of the Federal Reserve System