

**ANDREW M. CUOMO**
Governor

**LINDA A. LACEWELL**
Superintendent

December 11, 2019

The Honorable Paul A. Engelmayer
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States ex rel. Brutus Trading, LLC v. Standard Chartered Bank, et al.*,
No. 18 Civ. 11117 (PAE)

Dear Judge Engelmayer:

I write on behalf of the New York State Department of Financial Services (the "Department") in regards to the December 3, 2019 application by Brutus Trading, LLC (the "Relator") to depose Daniel S. Alter, a former General Counsel of this agency, in connection with Relator's opposition to the Government's pending motion to dismiss (the "Application"). Relator seeks to depose Mr. Alter concerning his work on the Department's investigation of defendant Standard Chartered Bank ("SCB") and another related investigation, concerning work performed by Promontory Financial Group, LLC for SCB, claiming that such testimony will allow Relator to contradict the declarations submitted in support of the Government's motion to dismiss the Relator's complaint. The Department believes that the requested deposition necessarily involves issues of privilege from a non-party and is not appropriate.

The proposed testimony of the Department's former General Counsel, concerning his work for the agency on an investigation of a licensed banking institution, necessarily involves privilege issues of import to the Department. Courts have broad discretion to limit discovery that is unreasonable, "obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). A non-party subpoena may be modified or quashed if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). "Restrictions on discovery may be broader where a non-party is the target of discovery to protect such third parties from unnecessary harassment, inconvenience, expense or disclosure of confidential information." *In re Candor Diamond Corp.*, 26 B.R. 847, 849 (Bankr. S.D.N.Y. 1983); citing *Dart Ind. Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980).

These privileges include the attorney-client and work-product privileges. The protections of work product privilege apply as much to the mental impressions of a government attorney conducting an investigation of a regulated entity as they do to the impressions of a private attorney preparing for trial. *S.E.C. v. Cavanagh*, 1998 WL 132842 at *2 (S.D.N.Y. Mar. 23,

Honorable Paul A. Engelmayer
December 11, 2019
Page 2 of 3

1998) (holding that attorney investigatory notes to enable Commission to decide whether to commence litigation "falls squarely within the protections of the work-product doctrine."). To override the work product privilege, "the party requesting [disclosure must] 'show […] that it has substantial need for the material to prepare its case and cannot, without hardship, obtain their substantial equivalent by other means.'" *Id. citing* Fed. R. Civ. P. 26(b)(3)(A)(ii). The standard is heightened when a party seeks to depose counsel because a "'deposition of the attorney [usually] . . . embroils the parties and the court in controversies over … forays into the area most protected by the work product doctrine – that involving an attorney's mental impressions or opinions." *S.E.C. v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992); quoting *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C. 1987).

The Application makes clear that Relator is not looking to Mr. Alter as a fact witness; Relator wants to use Mr. Alter to testify about his mental impressions of the investigation of SCB. The Application states that Relator wants Mr. Alter to testify about "whether the Defendants 'fully cooperated' with the investigation" or "whether Relator provided evidence that corroborates its allegations of Defendants' violations of sanctions in addition to those on which the Government based its decisions." Application at 2. These are questions about how Mr. Alter perceived the conduct of the parties to this case and is protected work product. The Department has never waived its privilege concerning the subjects for which Relator seeks to depose Mr. Alter and Relator can make no compelling claim of need for Mr. Alter's testimony that would override the privilege. To the extent the Court or the Relator is interested in the conclusions of the Department in its investigations of SCB, parallel to the federal investigations at issue, these are detailed in its publicly available order, dated April 9, 2019, available at: https://www.dfs.ny.gov/system/files/documents/2019/04/ea190409_standard_chartered_bank.pdf

In addition to the work-product and attorney-client privilege protections, the Application seeks material concerning an investigation of a banking institution regulated by the Department. Such information is protected from disclosure under New York Banking Law § 36(10). A bank examination privilege has long been recognized. *See, e.g.*, *In re Subpoena Served Upon the Comptroller of the Currency*, 967 F.2d 630, 633 (D.C. Cir. 1992); *Bank of America Nat'l Trust & Sav. Ass'n v. Douglas*, 105 F.2d 100, 103 (D.C. Cir. 1939). The purpose of the privilege is to foster candor between a bank and its regulator, *In re Subpoena Served Upon the Comptroller of the Currency*, 967 F.2d 630, 633 (D.C. Cir. 1992). The Application does not entirely touch on material that would be protected by Banking Law § 36(10), but to the extent that Relator seeks to ask Mr. Alter about the Department's assessment of SCB and its conduct, such material would be protected by New York law and not a proper subject for testimony.

In addition to the privilege issues, the Application references the Department's investigation of Promontory Financial Group, LLC, which is not at issue in this case. The Relator is not the original source of the information underlying the Department's investigation of Promontory, as Relator admits, and the conduct can form no part of the alleged conduct Relator seeks to redress. While Relator appears to suggest that the Department's investigation of Promontory should lead the Court to doubt the conclusions of the investigation of the Relator's allegations, this inference is not supported by the Department's investigation. The Department's investigation was limited to reports submitted to the Department in 2010 and 2011 that do not relate to any investigation of the Relator's allegations. Any broader inference is not supported

Honorable Paul A. Engelmayer
December 11, 2019
Page 3 of 3

by the work performed by the Department. To the extent they are relevant to this case, the findings of the Department's investigation of Promontory are available, without the need for a deposition, at: https://www.dfs.ny.gov/docs/reportpub/other/promontory_inv_rpt_2015.pdf.[1]

The Department is not a party to this case. While it worked in tandem with the federal government during the investigation, Department employees are not the people best positioned to speak on the decision to dismiss the Relator's case. The Department understands that discovery of the Government's reasons for moving to dismiss a qui tam action is generally unavailable. On that ground alone, the Application should be denied. To the extent that the Court finds that Relator is entitled to such discovery, the Department submits there are better sources available to speak to the narrow set of issues implicated by the motion to dismiss than a non-party's former General Counsel. There is simply no need here that justifies breaching the various privileges that attach to the subject matters on which Relator seeks to enquire.

As Relator knows, the Department has worked with the federal government on the underlying investigation and concurs in its conclusion that Relator's claims were either unfounded or added nothing new to the overall investigation of SCB. Given the privilege issues implicated, and the availability of relevant evidence from better sources, the Department respectfully submits that the Application is improper, burdensome, and should be denied in its entirety.

Respectfully submitted,

KEVIN J. BISHOP
Acting General Counsel
Department of Financial Services
Telephone: (212) 709-1663
Email: kevin.bishop@dfs.ny.gov

cc (by ECF):   Counsel for Relator
               Counsel for Defendants
               Counsel for the Government

---

[1] Moreover, given that Mr. Alter left the Department before the conclusion of the Promontory investigation, the report provides a more complete statement of the Department's findings than Mr. Alter could provide.