**Davis Polk**

New York
Northern California
Washington DC
São Paulo
London

Paris
Madrid
Hong Kong
Beijing
Tokyo

**Antonio J. Perez-Marques**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4559 tel
antonio.perez@davispolk.com

December 11, 2019

The Honorable Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *United States ex rel. Brutus Trading LLC v. Standard Chartered Bank et al.*,
      No. 1:18-cv-11117 (PAE)

Dear Judge Engelmayer:

We represent defendants Standard Chartered Bank, Standard Chartered plc, and Standard Chartered Trade Services Corporation ("Defendants") in the above-captioned False Claims Act litigation.[1]  We respectfully write in support of the government's opposition to Relator Brutus Trading LLC's ("Relator") December 3, 2019 request to depose Daniel S. Alter, former General Counsel of the New York State Department of Financial Services, to call the Court's attention to an additional matter not addressed in the letters submitted by the United States Department of Justice and New York State Department of Financial Services.

Relator's request directly violates the terms of the Court's Order confirming the parties' July 22, 2019 Stipulation and Order, in which Relator agreed "to ***stay all disclosures and discovery in this action*** until the Court rules on the motion to dismiss to be filed by Defendants."  (Dkt. No. 17 (emphasis added).)  That stay of discovery was unaltered, and remained in force, when Relator subsequently agreed to adjourn the briefing of any motion from Defendants *sine die* pending resolution of the government's motion to dismiss.  On this basis alone, Relator's request should be denied.[2]

Permitting this discovery to go forward at this time would be inefficient and unfair to Defendants. Relator has indicated that, at the deposition it has requested, it would seek to address matters that squarely implicate Defendants' interests, including "whether Defendants 'fully cooperated' with the investigation," whether Defendants "failed to disclose" certain facts, and other inflammatory allegations concerning Defendants' conduct and communications.  If such a deposition were to go

---

[1] The briefing schedule for Defendants' motion to dismiss was adjourned pending resolution of the government's motion to dismiss, which was filed on November 21, 2019.  (*See* Dkt. No. 21.)  Defendants expressly preserve all rights, defenses, or other objections, including jurisdictional defenses.

[2] Relator did not confer with Defendants prior to filing its request.

forward, Defendants would be obliged to participate and vigorously defend their interests, entailing significant preparation. This is precisely the type of premature and burdensome discovery that the parties, for good reason, agreed to stay in the Stipulation and Order until the Court had considered and adjudicated threshold legal challenges to Relator's claim. Relator should not be permitted now to renounce that agreement, to the clear prejudice of Defendants.

For these reasons, Defendants support the government's request that the Court deny Relator's request to depose Mr. Alter.

Respectfully submitted,

Antonio J. Perez-Marques

cc: Counsel of Record (by ECF)