UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA, ex rel. BRUTUS
TRADING, LLC,

                                    Plaintiff,

                -v-

STANDARD CHARTERED BANK, et al.,

                                    Defendants.

18 Civ. 11117 (PAE)

<u>ORDER</u>

PAUL A. ENGELMAYER, District Judge:

Before the Court is Relator Brutus Trading, LLC's motion to depose Daniel S. Alter in

support of its forthcoming opposition to the United States' motion to dismiss the complaint.

Dkt. 36. The United States and defendants Standard Chartered Bank et al. have both opposed

this request, as has Mr. Alter's former employer, the New York State Department of Financial

Services. Dkts. 39, 40, 43. Following the letters in opposition, the Court permitted Relator to

file a reply. Dkt. 46.

As the United States acknowledges, the Second Circuit has not definitively settled on the

standard of review for a motion by the government to dismiss a *qui tam* action. *See U.S. ex rel.*

*Stevens v. State of Vt. Agency of Nat. Res.*, 162 F.3d 195, 201 (2d Cir. 1998). In general, other

Courts of Appeals have followed either the D.C. Circuit's approach in *Swift v. United States*,

318 F.3d 250 (D.C. Cir. 2003), or the somewhat less deferential standard set out by the Ninth

Circuit in *U.S. ex rel., Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139

(9th Cir. 1998). *See United States ex rel. Amico v. Citigroup, Inc.*, No. 14 Civ. 4370 (CS),

2015 WL 13814187, at *4 (S.D.N.Y. Aug. 7, 2015). The *Swift* standard analogizes the United

States' motion to dismiss a *qui tam* action to a decision not to prosecute. Thus, at least where a

defendant has not yet been served, the D.C. Circuit has concluded that dismissal is the government's "unfettered right," and therefore all but unreviewable absent fraud on the court. *Swift*, 318 F.3d at 252–53; *Hoyte v. Am. Nat. Red Cross*, 518 F.3d 61, 65 (D.C. Cir. 2008). Under the *Sequoia* standard, the government must first identify "a valid government purpose" and "a rational relation between dismissal and accomplishment of the purpose." *Sequoia Orange Co.*, 151 F.3d at 1145. The burden then shifts to the relator "to demonstrate that dismissal is fraudulent, arbitrary and capricious, or illegal." *Id.*

The Court need not—and, to be clear, does not in this Order resolving Relator's motion to depose Mr. Alter—decide the applicable standard of review for the United States' motion to dismiss Relator's complaint. That is because Relator has not shown how the testimony of Mr. Alter, to the extent it concerns non-privileged material, is warranted or appropriate on a motion to dismiss. Even under the more demanding standard, the Court can resolve, without Mr. Alter's testimony, whether there is a basis to contend that the government's proffered rationale for dismissing the complaint is "fraudulent, arbitrary and capricious, or illegal." *Sequoia Orange Co.*, 151 F.3d at 1145. A deposition of Mr. Alter is simply not necessary at this stage of the litigation.

Relator's motion to depose Mr. Alter is therefore denied, without prejudice to Relator renewing its application if the complaint survives the United States' motion to dismiss. The Clerk of Court is respectfully directed to terminate the motion pending at docket 36.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: December 23, 2019
       New York, New York