IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America *ex rel.* Brutus Trading, LLC,<br>  Plaintiff,<br>-against-<br>Standard Chartered Bank *et al.*,<br>  Defendants. | )<br>)<br>)<br>)   Case No. 18-cv-1111<br>)<br>)<br>) |

## SUPPLEMENTAL DECLARATION OF ROBERT G. MARCELLUS

Robert G. Marcellus states the following pursuant to 28 U.S.C. § 1746:

1. On January 10, 2020, my previous declaration was submitted to accompany Relator's Opposition to the Government's Motion to Dismiss. I submit this supplemental declaration to respond to errors and what was omitted in the declaration of Elizabeth Nochlin, which was filed to accompany the Government's Reply Memorandum and which declaration I have carefully reviewed.

2. Contrary to Ms. Nochlin's statements in her paragraph 8 that the New York State Department of Financial Services did not "interview any witnesses other than together with DOJ," Julian Knight and I had extensive interviews with Daniel Alter and Gaurav Vasisht of NYDFS between September and November 2012 in the absence of any personnel from other agencies, including DOJ.

3. Relator's counsel, David Koenigsberg, also had extensive interaction with Mr. Alter during that same time period.

4. I shared with NYDFS in 2012 many spreadsheets, which because of their unusual size have not been filed in this case. Those spreadsheets reflected transactions of Standard Chartered Bank or its affiliates (SCB) with suspected Iranian parties. We reduced the number of

1



transactions submitted to NYDFS to eliminate any transactions that we did not have reason to believe involved customers that were not Iran-connected.

5. Defects in SCB's electronic trading system and other deficiencies in its system of processing transactions that allowed for those transactions to evade U.S. sanctions on Iran, as Mr. Knight and I identified to OFAC and NYDFS in 2012, had not previously been explained to either agency or to DOJ.

6. In my September 25, 2012, meeting with Mr. Alter and Mr. Vasisht, I described and documented SCB violations of U.S. sanctions regulations and anti-money laundering laws, and New York State recordkeeping laws. We concluded that the conduct involved in those violations necessarily overlapped and that multiple agencies, federal, state and local, should ultimately participate in the investigation of those violations.

7. I learned that the monitor that was imposed on SCB by the terms of its 2012 settlement with NYDFS was required on the initiative of Mr. Alter. He noted that the defects in SCB's electronic trading system that Mr. Knight had identified based on his experience as the head of foreign exchange for SCB would provide a "roadmap" for the monitor as that process was undertaken.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 13, 2020

Robert G. Marcellus