UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

UNITED STATES OF AMERICA *ex rel.*
BRUTUS TRADING, LLC,

                        Plaintiff,                      Case No. 18 Civ. 11117 (PAE)

      v.

STANDARD CHARTERED BANK, STANDARD
CHARTERED PLC, and STANDARD
CHARTERED TRADE SERVIICES
CORPORATION,

                        Defendants.

---------------------------------------------------------------x

### REPLY MEMORANDUM OF LAW IN SUPPORT OF RELATOR'S MOTON TO DISQUALIFY AUSA BARNEA FROM FURTHER REPRESENTING THE GOVERNMENT

#### PRELIMINARY STATEMENT

Relator, Brutus Trading LLC ("Brutus"), respectfully submits this reply memorandum of law in further support of its motion to disqualify Assistant United States Attorney J.D. Barnea ("Barnea") from further representing plaintiff United States of America (the "Government") in this action.

In 2019 and 2021, the Government misled this Court to believe that the electronic transactional data that Brutus had given to the Government (the "Data") to investigate sanctions violations and money laundering by defendant Standard Chartered Bank ("SCB" or the "Bank") contained no evidence of unlawful transactions after 2007 and, specifically, contained no evidence that SCB's Iranian clients illicitly used the Bank's online platform to conduct forbidden foreign exchange transactions. The Government's representations---contained in a portfolio of sworn

statements by federal officials---were shockingly and demonstrably false. In fact, the Data contains thousands of SCB transactions, worth many billions of dollars, with sanctioned entities and individuals that include nearly 1000 transactions with parties connected to global terrorism.

AUSA J.D. Barnea – the individual "who has represented the Government since the original *qui tam* complaint was filed" – is inescapably at the center of Brutus' Rule 60(d)(3) motion. Governments Memorandum of law in Opposition ("Gov. Br.") at 4. As such, he was integral to the Government's successful efforts to dismiss Brutus' case by submitting false statements to the Court. Rather than reasonably acknowledge AUSA Barnea's objective status as a critical fact witness and simply replace him with another attorney (if for nothing else than the appearance of propriety), the Government instead takes the opposite tack and displays both a studied ignorance of the law and a profound disingenuousness as to the facts.[1]

Despite the Government's nonsensical efforts to characterize this motion as a struggle over "call[ing] AUSA Barnea as a witness to testify as to certain pre-complaint communications between a state agency and one of Relators members," Gov. Br. at 1, Brutus has already shown the necessity of disqualification here. AUSA Barnea is an indispensable fact witness who undoubtedly has information prejudicial to the Government. The case law plainly backs Brutus' request for

---

[1] For example, the Government still maintains that it "thoroughly investigated" the Data by relying on the false declarations used to mislead the Court. *See* Gov. Br. at 2. The Government also takes a gratuitous swipe at Brutus' motion to appoint an independent expert, dismissively describing the Data as "SCB documents that [Brutus] provided the Government during [the 2012] investigation, more than a decade ago." Gov. Br. at 4. First, the Government misled the Court in this case in 2019 and 2021, not even five years ago. Second, the Supreme Court has expressly rejected the argument that an alleged failure to "exercise[] proper diligence in uncovering" fraud on the court "should stand in the way of…obtaining relief." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944). Because fraud on the court "is wrong against the institutions set up to protect and safeguard the public," the Court explained, "it cannot be that preservation of the integrity of the judicial process must always await the diligence of litigants." *Id.* Any suggestion that the Data is somehow stale evidence, or that the motion to vacate is untimely, is wrong.

discovery, and Brutus *must* ask AUSA Barnea under oath---what *he* knew about the thousands of criminal transactions contained in the Data. The soundness of Brutus' position is evident. Yet, once again, the Government seeks to lead this Court astray.

**ARGUMENT**

**AUSA BARNEA SHOULD BE DISQUALIFIED**

Both the Second Circuit and New York's highest court recognize "that once a representation is undertaken, a lawyer *must* withdraw as advocate if it appears that he must testify on behalf of his own client." *Romchair v. Conway*, 601 F.3d 66, 74 (2d Cir. 2010) (emphasis added and internal quotation marks omitted); *see also People v. Paperno*, 54 N.Y.2d 294, 299-300 (1981) (the advocate witness rule "generally requires the lawyer to withdraw from employment when it appears that he…will be called to testify a disputed issue of fact"). And contrary to the Government's insistence, *see* Gov. Br. at 6, disqualification can be appropriate in pre-trial proceedings, *see Research Found. for the State Univ. of New York v. Telluric Labs, LLC*, 2022 WL 16789970, at *3 (E.D.N.Y. Aug. 24, 2022) (rejecting argument that disqualification under advocate-witness rule "cannot be utilized to disqualify an attorney from the pre-trial stage of a case"). The circumstances in this case clearly warrant AUSA Barnea's disqualification before any evidentiary hearing.[2]

Invoking a statement that the Court recently made without complete information, the Government argues that Brutus' disqualification motion is a "transparent" and "tactical" ruse to hamper its response to the motion to vacate the judgment. Gov. Br. at 2, 11 (internal quotation marks omitted). But the Government knows better. For more than 50 years, the law of this Circuit

---

[2] The Government ignores that resolution of Brutus' motion to vacate the judgment should involve an evidentiary hearing that is tantamount to a trial.

has been that a fraud on the court is shown when a party's lawyer participates in the deception. *See Kupferman v. Consol. Research & Mfg. Corp.* 459 F.2d 1072, 1078 (2d Cir. 1072). That rule makes AUSA Barnea a necessary fact witness because whether he participated in misleading this Court could be dispositive of Brutus' request for relief. Under those circumstances, it "could not be clearer" that AUSA Barnea should be disqualified. *Research Found. for the State Univ. of New York*, 2022 WL 16789970, at *4 (disqualification appropriate where lawyer's "testimony is inherently necessary to defend [defendant] against Plaintiff's claims, and to support [defendant's] affirmative defenses, counterclaims, and third-party claims"); *see also Sheng v. M&T Bank Corp.*, 2014 WL 5500632, at *4 (W.D.N.Y. 2014) (disqualifying lawyers because their testimony was "necessary on the issue of whether an unconditional offer was extended and whether the offer was reasonably rejected").

The Government tries to dismiss the necessity of AUSA Barnea's testimony by blatantly misstating its subject matter. Rather than acknowledge his undeniable role in presenting false evidence to the Court, the Government tries to make this dispute all about testimony regarding Brutus' "irrelevant pre-complaint communications with DFS." Gov. Br. at 7. It also tries to negate the obvious prejudicial impact of AUSA Barnea's testimony on the Government's defense against the Rule 60(d)(3) motion by, again, evasively focusing on communications between Brutus and DFS. *See id.,* at 10.

Those arguments are not serious. The evidence showing that AUSA Barnea was aware that the declarations of FBI Agent Komar and Elizabeth Nochlin of DFS contained misleading statements about "pre-complaint communications" is plainly *not* the foundation for Brutus' claim that the Court has been defrauded. The thousands of SCB's forbidden Iranian and terrorist-related transactions documented by the Data overwhelmingly provides that proof. And if AUSA Barnea

4

knew anything about that proof when he first submitted the Government's motion to dismiss this action in 2019, and then again later when he opposed Brutus' motion for an indicative ruling, that evidence will be seismically prejudicial to the Government.[3]

Simply stated, if this case does not require an attorney's disqualification under the advocate-witness rule, then no case does.

### CONCLUSION

AUSA Barnea should be disqualified from further representing the Government in this action.

Dated: July 16, 2024

Respectfully submitted,

*Patrick M. McSweeney*

---

Patrick M. McSweeney
Robert J. Cynkar
McSweeney Cynkar & Kachouroff PLLC
3358 John Tree Hill Road
Powhatan, VA 23139
(804) 937-0895
*Attorneys for Relator Brutus Trading LLC*

---

[3] On the other hand, the evidence that Brutus has provided to the Court showing that AUSA Barnea was aware of misstatements in the Government's submissions regarding Brutus' initial disclosure of the Data to government officials merely underscored the need for Brutus to question him.

5